# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA

LUIS ENRIQUE FERNANDEZ, § 
§ 
*Plaintiff,* § 
§ No_____
~v~ § 
§ 
MARION COUNTY GOVERNMENT, and § JURY DEMAND
§ 
CODY PITTMAN, § 
§ 
*Defendants.* § 

## <u>COMPLAINT</u>

PLAINTIFF, LUIS ENRIQUE FERNANDEZ, by and through his attorney, Robin Ruben Flores, and complaining of Defendants, MARION COUNTY GOVERNMENT, and CODY PITTMAN, states as follows:

## INTRODUCTION

1. This is a civil rights action for violations of the Fourth, and Fourteenth Amendments to the United States Constitution arising from the unreasonable seizure of the Plaintiff by the Defendants.

2. This civil rights action is brought under 42 U.S.C. §1983 against Cody Pittman ("Pittman") in his individual capacity and against Defendant Marion County Government ("County")[1].

---

[1] Collectively, "Defendants."

~ 1 ~

3. This action seeks damages against both Defendants caused by the violation of Plaintiff's constitutional rights as set forth more fully *infra*.

4. This action also raises state law claims against Pittman in his individual capacity. Additionally, Plaintiff brings these claims against the County pursuant to TENN. CODE ANN. § 8-8-302 as noted in ¶ 5, *infra*.

5. Plaintiff seeks compensatory and punitive damages against Pittman in his individual capacity, and Plaintiff seeks for the County to indemnify Pittman under TENN. CODE ANN. § 8-8-302 and to pay compensatory claims under 42 U.S.C. §1983.

## JURISDICTION AND VENUE

6. Plaintiff's claims for relief are predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the United States Constitution. This action arises under the Fourth, and Fourteenth Amendments to the United States Constitution. Thus, as to the § 1983 claims, this Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

7. This Court is vested with supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 in that all claims set forth herein arise from the same case and controversies.

8. Venue is proper in this Court, Chattanooga Division, pursuant to 28 U.S.C. §1391(B). All acts complained about occurred within Marion

~ 2 ~

County, a political sub-division of the State of Tennessee physically located within the fourteen-county district of this Court.

## THE PARTIES

9. Plaintiff is a permanent resident lawfully present in the United States citizen and a resident of Tennessee.

10. Upon information and belief, Pittman resides in Marion County, Tennessee.

11. At all relevant times, Pittman was responsible for the safety and welfare of the Plaintiff; was under a lawful obligation to refrain from unreasonably seizing the Plaintiff; was under a lawful obligation to refrain from violating the Plaintiff's constitutional rights; was under a lawful obligation to refrain from the infliction of emotional distress upon the Plaintiff; and was under a lawful obligation not to assault and batter the Plaintiff.

12. At all relevant times, Pittman acted under color of state law and in the course and scope of his employment with the County as a deputy sheriff.

13. The County is directly liable for the unlawful actions averred herein since the County hired Pittman with the full knowledge of his past similar misconduct; failed to discipline Pittman despite his history of similar misconduct; failed to discipline Pittman despite his false statements in an

~ 3 ~

official police report; and permitted Pittman to continue making arrests without adequate oversight or corrective action.

14. Plaintiff sues Pittman in his individual capacity and sues the County.

**FACTUAL BASIS**

15. On September 26, 2025, Matt Henderson ("Henderson") called Marion County 911 dispatch and reported a man standing completely naked on the southbound side of Tennessee Highway 28 near a white Nissan Altima with flashing lights activated.

16. Henderson did not provide a description of the man during the 911 call. However, on information and belief, Henderson sent Pittman a video of the naked man. ("Henderson Video").

17. The naked man in the Henderson Video did not have a large tattoo on his chest.

18. Pittman stored the Henderson Video on his personal cell phone and did not include it in the investigative file.

19. Plaintiff requested a copy of the investigative file from County, and the Henderson Video was not included in the County's response.

20. Pittman's body worn camera footage showed him using his personal cell phone to gather evidence at Plaintiff's October 5, 2025 traffic stop.

~ 4 ~

21. On October 5, 2025, Marion County dispatch received a call from truck driver Ayo Williams ("Williams") about an unidentified man who was "butt naked in the car" in a white Nissan flashing people on the interstate.

22. Williams could not provide a vehicle license plate number or a complete description of the suspects' vehicle, and he could not state the race of the suspect nor did he see the suspect's face.

23. Plaintiff is a white male.

24. Williams stated that the suspect followed him into the parking lot of a Love's truck stop ("Love's") on Interstate 24.

25. Plaintiff was traveling home on Tennessee Highway 28 in a white Nissan Sentra when Pittman stopped Plaintiff after receiving a BOLO for a white Nissan from the Marion County dispatcher.

26. Plaintiff was wearing pants and shoes but was shirtless at the time of the stop.

27. At the time of the Henderson video and the time of the October 5, 2025 incident, Plaintiff had and continues to have a very large and visible tattoo of a wolf on his chest.

28. After Pittman's initial stop of the Plaintiff, other law enforcement officers arrived on scene.

29. Pittman showed the Henderson Video to the other officers and made comments about being able to see the suspect's penis.

~ 5 ~

30.     Pittman and the other officers focused on the Henderson Video when discussing whether Plaintiff was the perpetrator of the incident reported by Williams.

31.     Pittman and the other officers discussed charging Plaintiff for the incident "on the side of the road" and referenced a Tennessee statute change that allows police to make arrests for misdemeanors not committed in their presence.

32.     After the discussion with the other officers, Pittman arrested Plaintiff for indecent exposure.

33.     At the time of the arrest, Pittman was aware that the suspect in the Henderson Video did not have the same large tattoo as Plaintiff.

34.     *After* Pittman arrested Plaintiff, a deputy who met with Williams at the Love's radioed that Williams identified Plaintiff's vehicle and stated Plaintiff was the person he saw in the driver's seat earlier that evening.

35.     No officer brought Williams to the arrest scene to conduct a one-on-one lineup of Plaintiff prior to Pittman's arrest of the Plaintiff.

36.     Pittman transported Plaintiff to the Marion County jail, where Plaintiff remained until released on bond.

~ 6 ~

37. Pittman drafted an incident report stating that Plaintiff was arrested for indecent exposure after the truck driver who called it in confirmed it was the car and the same guy.

38. Plaintiff's then-roommate, former Marion County deputy Christopher Dylan Layne ("Layne"), went to Pittman's home after the incident.

39. Pittman showed Layne the video of the suspect in the September incident, and Layne told Pittman that the suspect did not have a tattoo.

40. Layne told Pittman that Plaintiff had a large tattoo of a wolf on his chest.

41. Pittman's eyes widened and he exclaimed, "Oh shit."

42. On November 12, 2025, at the Marion County Court of General Sessions, Pittman notified Plaintiff that he was dismissing the charge, and Judge Marshall Raines dismissed the charge upon Pittman's notice.

43. Pittman previously made a false charge of resisting arrest against Jeremy Ray Stacey while employed as a police officer with the City of Jasper Police Department. That charge was terminated in Mr. Stacey's favor by dismissal via the State of Tennessee.

~ 7 ~

44. Sheriff Bo Burnett was involved in the Stacey matter and was fully aware of Pittman's misconduct with Mr. Stacey prior to hiring Pittman as a deputy sheriff for the MCSO and the County.

45. Mr. Stacey filed suit against Pittman and others in <u>Stacey v. City of Jasper, Lillian Michele Lockhart, and Cody Pittman</u>, No. 1:24-cv-356, which eventually settled in Mr. Stacey's favor.

46. Despite Pittman's history and the false incident report Pittman authored in Plaintiff's case, the County took no disciplinary action against Pittman.

## COUNT ONE:

### UNREASONABLE SEIZURE WITHOUT PROBABLE CAUSE (FOURTH AMENDMENT)

### VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW 42 U.S.C. §1983 [Against Pittman and the County]

47. Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if fully set forth herein.

48. The Fourth Amendment protects individuals from seizure of their persons by government action without probable cause.

49. Defendants, acting under color of state law, subjected Plaintiff to an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution by arresting Plaintiff without probable cause. Pittman arrested Plaintiff for indecent exposure despite knowing that the

~ 8 ~

video evidence did not match Plaintiff's physical characteristics, including a large, visible wolf tattoo on Plaintiff's chest, which was absent from the suspect in the Henderson Video. Pittman handcuffed and arrested the Plaintiff before any "identification" by Williams.

51.     No reasonable law enforcement officer would have acted in this manner.

52.     The County is directly liable for the unlawful actions averred herein since the County hired Pittman with the full knowledge of his past similar misconduct; failed to discipline Pittman despite his history of similar misconduct; failed to discipline Pittman despite his false statements in an official police report; and permitted Pittman to continue making arrests without adequate oversight or corrective action.

53.     The County's failures in hiring and supervision constitute deliberate indifference and a ratification of Pittman's misconduct.

54.     The County is liable to the Plaintiff for the wrongful constitutional deprivation averred herein pursuant to TENN. CODE ANN. § 8-8-302.

55.     As a direct and proximate result of Defendants' actions, Plaintiff was deprived of his liberty, detained in jail, and suffered damages.

56.     Plaintiff seeks damages against the Defendants in the amount of THREE MILLION DOLLARS.

~ 9 ~

57.    Plaintiff seeks punitive damages against Pittman in the amount of SIX MILLION DOLLARS.

## COUNT TWO:

**MALICIOUS PROSECUTION WITHOUT PROBABLE CAUSE
(FOURTH AND FOURTEENTH AMENDMENTS)**

**VIOLATION OF CIVIL RIGHTS UNDER
COLOR OF LAW 42 USC § 1983
[Against Pittman and the County]**

58.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if fully set forth herein.

59.    The Fourth Amendment to the United States Constitution protects persons from malicious unreasonable seizures without probable cause. The Fourteenth Amendment to the United States Constitution protects against the continued deprivation of liberty through the criminal proceedings caused by the fabricated evidence.

60.    By falsely claiming that Plaintiff was identified by Williams and Henderson, Pittman subjected Plaintiff to the continued seizure.

61.    The charge of indecent exposure was terminated in Plaintiff's favor.

62.    No reasonable officer would have acted in this manner.

63.    The County is directly liable for the unlawful actions averred herein since the County hired Pittman with the full knowledge of his past similar misconduct; failed to discipline Pittman despite his history of similar misconduct; failed to discipline Pittman despite his false statements in an

~ 10 ~

official police report; and permitted Pittman to continue making arrests without adequate oversight or corrective action.

64. The County's failures in hiring and supervision constitute deliberate indifference and a ratification of Pittman's misconduct.

65. The County is liable to the Plaintiff for the wrongful constitutional deprivation averred herein pursuant to TENN. CODE ANN. § 8-8-302.

66. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of his liberty, detained in jail, and suffered damages.

67. Plaintiff seeks damages against the Defendants in the amount of THREE MILLION DOLLARS.

68. Plaintiff seeks punitive damages against Pittman in the amount of SIX MILLION DOLLARS.

## COUNT THREE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### TENNESSEE COMMON LAW
[Against Pittman]

69. Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if fully set forth herein.

70. The acts averred herein subjected Plaintiff to humiliation before the motoring public, placed Plaintiff in jeopardy of losing his state armed security guard license and thus his chosen profession, which caused the Plaintiff great anxiety.

~ 11 ~

71. Plaintiff sues Pittman in the amount of $750,000 in compensatory damages and $1,500,000 in punitive damages.

## COUNT FOUR

## MALICIOUS PROSECUTION

## TENNESSEE COMMON LAW

### [Against Pittman]

72. Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if fully set forth herein.

73. Pittman brought a charge of indecent exposure without probable cause.

74. The criminal charge was terminated in Plaintiff's favor.

75. Plaintiff sues Pittman in the amount of $750,000 in compensatory damages and $1,500,000 in punitive damages.

## COUNT FIVE

## ASSAULT AND BATTERY

## TENNESSEE COMMON LAW
### [Against Pittman]

76. Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if fully set forth herein.

77. Pittman brought a charge of indecent exposure without probable cause, and thus any physical touching of the Plaintiff constituted an assault and a battery upon the Plaintiff's person.

~ 12 ~

78.     Plaintiff sues Pittman in the amount of $750,000 in compensatory damages and $1,500,000 in punitive damages.

## COUNT SIX:

### TENN. CODE ANN. § 8-8-302
### TENNESSEE STATE LAW CLAIM

### [Against the County]

79.     Plaintiff repeats and realleges the allegations contained in the previous paragraphs as if fully set forth herein.

80.     While committing the acts alleged in the preceding paragraphs, Pittman was an employee and agent of the County, acting at all relevant times within the scope of his employment.

81.     While committing the acts alleged in the preceding paragraphs, Pittman's behavior was calculated to facilitate and/or promote the business for which the County employed Pittman.

82.     TENN. CODE ANN. § 8-8-302, allows anyone incurring *any* wrong, injury, loss, damage, or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff to bring suit against the County.

83.     The County is liable as principal for wrongs committed by its agents, and the Plaintiff sues the County under this Count under its duty of indemnification for all claims in this Complaint.

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Declare that Pittman and the County, acting under color of state law, violated Plaintiff's rights under the Fourth Amendment and Fourteenth

~ 13 ~

Amendment to the United States Constitution by subjecting him to an unreasonable seizure without probable cause and to malicious prosecution without probable cause.

2. Award Plaintiff compensatory damages against Pittman and the County in an amount to be determined at trial for the deprivation of liberty, malicious prosecution, emotional distress, and other injuries suffered because of the unlawful arrest and detention.

3. Award Plaintiff punitive damages against Pittman for his willful and reckless disregard of Plaintiff's constitutional rights, to the extent permitted by law.

4. Award Plaintiff reasonable attorneys' fees, costs of suit, and expert witness fees pursuant to 42 U.S.C. § 1988 and other applicable law.

5. Award Plaintiff pre-judgment and post-judgment interest as allowed by law.

6. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to FED. R. CIV. P., Rule 38(b) on all issues so triable.

Respectfully submitted,

By: *Robin Ruben Flores*
        **ROBIN RUBEN FLORES**
        **TENN. BPR #20751**
        **GA. STATE BAR #200745**
        Attorney for Plaintiff
        4110-A Brainerd Road
        Chattanooga, TN  37411
        O: (423) 267-1575
        F: (423) 267-2703
        **robin@robinfloreslaw.com**